# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MENDOZA-HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>D. COGGINS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00271-SKO (PC)<br><br>ORDER DISMISSING AMENDED COMPLAINT AND RESPONSES, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Docs. 5, 9, and 10) |

### **Screening Order**

### I.    **Screening Requirement and Standard**

    Plaintiff Cesar Mendoza-Hernandez, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on August 8, 2014, in the United States District Court for the Northern District of Texas, Dallas Division. (Doc. 1.) On February 19, 2015, the district court severed Plaintiff's claims against Defendants Coggins, Franco, Scott, and Andrews, which arose from events at United States Penitentiary-Atwater, and transferred that portion of the action to this court. (Doc. 13.)

    The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1  conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937
2  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and
3  courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572
4  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual
5  allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

6        Pro se litigants are entitled to have their pleadings liberally construed and to have any
7  doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe*
8  *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to
9  survive screening, which requires sufficient factual detail to allow the Court to reasonably infer
10 that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation
11 marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer
12 possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability
13 falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks
14 omitted); *Moss*, 572 F.3d at 969.

15 **II.**  **Discussion**

16     **A.**  **Summary of Allegations**

17       Plaintiff is currently incarcerated at FCI Phoenix in Phoenix, Arizona.  Plaintiff filed an
18 amended complaint on September 15, 2014, in which he alleged claims for the abuse of his human
19 rights against the Federal Bureau of Prisons.  (Doc. 5.)  In response to the "United States
20 Magistrate Judge's Questionnaire," filed on September 23, 2014, Plaintiff filed two responses on
21 October 14, 2014, and November 12, 2014.  (Docs. 7, 9, 10.)  In those responses, Plaintiff alleges
22 that on September 18, 2012, Defendants Coggins, Scott, and Andrews altered his records at USP-
23 Atwater by falsifying the name and address of an emergency contact.  (Doc. 9, pp. 2, 4; Doc. 10,
24 p. 1.)  On March 22, 2013, Defendant Franco allegedly discriminated against Plaintiff and kicked
25 him out of the medical department for no reason. As a result, Plaintiff was unable to go to the
26 hospital for testing.  (*Id.*)

27 ///

28 ///

### B.   *Bivens* **Claim Deficiencies**

Plaintiff is a federal prisoner and it appears he is bringing suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), which, under limited circumstances, provides a remedy for violation of civil rights by federal actors. *Minneci v. Pollard*, __ U.S. __, __, 132 S.Ct. 617, 621 (2012). However, Plaintiff may not sue the Federal Bureau of Prison because a *Bivens* action may not be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996 (1994).

Plaintiff may sue individual prison employees for damages under *Bivens*, but he must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under *Bivens*. *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Here, Plaintiff's vague allegation of a falsified emergency contact does not state a claim for relief against Defendants Coggins, Scott, and Andrews. Assuming such a claim would be grounded in the Due Process Clause, Plaintiff has not identified the existence of any protected liberty interest with respect to his emergency contact information. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987).

Next, Plaintiff's conclusory allegation of discrimination and interference with medical care also fails to state a claim for relief against Defendant Franco. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendant Franco intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

While respect to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*,

681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care, *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122, and medical malpractice does not become a constitutional violation merely because the victim is a prisoner, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977) (quotation marks omitted); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.

## III.    Conclusion and Order

Plaintiff's amended complaint and responses fail to state a claim upon which relief may be granted. The Court will provide Plaintiff with an opportunity to file a second amended complaint, assuming he believes in good faith he can cure the deficiencies identified. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not add new claims or parties, and he is limited to amending his claims against staff at USP-Atwater.[1]  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's second amended complaint should be brief, but it must state the factual bases for Plaintiff's claims against the named defendants. Fed. R. Civ. P. 8(a); *Hebbe*, 627 F.3d at 342; *Doe I*, 572 F.3d at 681. Plaintiff must alleges facts demonstrating the individual involvement of each named defendant in the violation of his rights, *Iqbal*, 556 U.S. at 676-77, and although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ," *Twombly*, 550 U.S. at 555 (citations omitted). Finally, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

///

///

---

[1] Plaintiff's unrelated claims may be subject to further severance but given Plaintiff's failure to state any cognizable claims, the Court will defer any determination regarding the propriety of further severance until it reviews the second amended complaint. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George*, 507 F.3d at 607.

4

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint and responses are dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a *Bivens* complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 16, 2015**               /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

5